**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 15 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORGE HUMBERTO VALENCIA
CARDENAS; VERENICE SALADO
VARGAS; JORGE BRIAN VALENCIA
SALADO; JOSE DILAN VALENCIA
SALADO; SAMANTHA VALENCIA
SALADO,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-845

Agency Nos. A202-097-983
A202-097-950
A202-097-951
A202-097-952
A202-097-953

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2024[**]
Pasadena, California

Before: COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Petitioners Jorge Humberto Valencia Cardenas; his wife, Verenice Salado

Vargas; and his three children, Jorge Brian Valencia Salado, Jose Dilan Valencia

Salado, and Samantha Valencia Salado, all natives and citizens of Mexico, petition

for review of a decision by the Board of Immigration Appeals ("BIA") upholding

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

an order of an immigration judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("Torture Convention").[1] We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. "We review the agency's factual findings under the 'extremely deferential' substantial-evidence standard, under which we treat such findings as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (citations omitted). We deny the petition.

1. Petitioners forfeited any review of the agency's denial of their claims for asylum and withholding of removal because they failed to present any argument in their opening brief as to why the BIA's reasons for rejecting these claims were erroneous. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that issues not specifically raised and argued in a party's opening brief are forfeited).

2. Petitioners' claims for relief under the Torture Convention were based on the argument that, because Valencia Cardenas had been targeted for extortion and had been beaten by members of the Knights Templar cartel, he and his entire

---

[1] Valencia Cardenas's wife and three children filed separate applications based on the same underlying factual contentions as in Valencia Cardenas's application. They are also derivative beneficiaries of Valencia Cardenas's asylum application. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, derivative relief is not available with respect to withholding of removal or relief under the Torture Convention).

family faced a likelihood of future torture if removed to Mexico. The BIA upheld the IJ's denial of this claim on the ground that Petitioners had failed to show that they faced a risk of torture "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see also Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). As the BIA noted, it was undisputed that Valencia Cardenas was threatened and attacked by private actors, not by anyone acting in an official capacity. The BIA concluded that, because Valencia Cardenas "did not report any incidents to the police" and because the "country condition evidence" did not otherwise establish that Mexican authorities would acquiesce in the torture of Petitioners, Petitioners had failed to show that they were entitled to relief under the Torture Convention. Substantial evidence supports these conclusions.

Petitioners contend that the BIA and the IJ erred in concluding that Valencia Cardenas had not filed a police report, arguing that this conclusion improperly disregards his testimony "that he requested help from the prosecutor's office through his brother." But Petitioners ignore the fact that the IJ specifically found that Valencia Cardenas did not testify "with veracity with respect to the issues of his police report." Given the shifting and inconsistent statements that Valencia Cardenas made on that score, which the IJ analyzed at some length, substantial

3

evidence supports this adverse credibility determination. Having disbelieved that aspect of Valencia Cardenas's testimony, the IJ permissibly found that Petitioners had failed to establish that Valencia Cardenas had reported the incidents to the police, and the BIA properly upheld that finding.

The agency was not compelled to conclude that the remaining evidence established that Mexican authorities would acquiesce in the torture of Petitioners. In addition to general country conditions evidence, Petitioners point to Valencia Cardenas's testimony that his brother experienced similar extortion and, when he reported it to authorities, he "was told to go home." The agency was not required to find these points, which did not directly bear on Petitioners' circumstances, to be dispositive here. *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) (holding that agency properly found generalized evidence of violence in a country insufficient to establish that government would acquiesce in the petitioner's torture); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (same).

**PETITION DENIED.**[2]

---

[2] Petitioners' motion for stay of removal (Dkt. 2) is denied as moot.